[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11499
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00034-RWS-JCF-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MITCHELL LOGAN REEVES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 25, 2018)

Before WILSON, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Mitchell Reeves appeals his 104-month sentence for armed bank robbery and brandishing a firearm during and in relation to a crime of violence. He argues that his below-guideline sentence was substantively unreasonable because the district court ignored mitigating factors, including his lack of criminal history, drug addiction, and traumatic childhood; placed too much emphasis on the seriousness of the offense; and improperly speculated about the effect the offense may have had on the bank teller.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The party challenging the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *Id.*

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" of 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. *Id.* § 3553(a)(1). While the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court, *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007), the court abuses its

2

discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  Although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Here, the district court did not abuse its discretion by imposing a 104-month total sentence, which was below the guideline range and well below the statutory maximum.  The district court thoughtfully considered the mitigating factors, including Reeves's difficult upbringing, his drug addictions, his lack of criminal history, and the support he received from family and friends.  But it reasonably relied on the seriousness of the offense, which included pointing a loaded gun at a bank teller, and it was not improper for the district court to draw on past experience to consider the effect the offense may have had on the teller.  *See United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) ("There is no requirement that sentencing judges . . . ignore what they have learned from similar cases over the years.").

Reeves's sentence was substantively reasonable.  Accordingly, we affirm.

**AFFIRMED.**

3